LEMMON, J.,
concurring.
The purpose of the requirement of a contemporaneous objection is to alert the judge to a problem recognized by the attorney at a time when the judge can correct the error, if there is one.[1] A party generally cannot “sit on an error” at the appropriate time for correcting the error and then raise the error on appeal, when it is too late for correction by the trial court.
This court has never addressed the issue whether a party’s failure to make a contemporaneous objection to an error in the jury’s answers under La.Code Civ.Proc art. 1813 precludes the party from raising the error on appeal. See Ferrell v. Fireman’s Fund Ins. Co., 94-1252 (La.2/20/95), 650 So.2d 742. However, there is no need to reach that issue here, because the party made a contemporaneous objection that was overruled.[2]

. There was an error in the present case. La.Code Civ.Proc. art. 1813E requires the judge, when the jury's answers are inconsistent with each other, either to return the jury for further consideration of its answers (the jury apparently was still available for further deliberation in the present case when the objection was attempted) or to order a new trial.

. Plaintiff's counsel erroneously asked for relief in the form of a judgment notwithstanding *116 the verdict (JNOV), and the judge interrupted the objection and ruled that a JNOV motion must be in writing. However, as the court of appeal observed, counsel was aware immediately of the inconsistent answers, and he timely attempted to call the inconsistency to the attention of the court. Moreover, a timely post-judgment written motion for a JNOV would have been too late for the trial judge to correct the error.